### THE SILK MANUFACTURING COMPANY *vs.* JAMES CAMPBELL.

An individual member of a corporation cannot bring suit in the name of the corporation to protect or recover his own rights and interests, or those of the corporation, or carry on a suit by bringing a *certiorari* in the name of the corporation, without the consent of the legal majority of such corporation.

On *certiorari* to Passaic Circuit.

An attachment was issued out of the Passaic Circuit Court against "the Silk Manufacturing Company," at the suit of James Campbell.

An application was made at the circuit to quash the writ, which was refused.

One William Smith, who had previously been a super-

intendent for the defendants at their factory at Paterson, caused the writ and proceedings to be removed to this court by *certiorari*.

The attorney for the plaintiff in attachment moved to dismiss the *certiorari*, on the ground that it was prosecuted by Smith without the authority of the company.

Argued at February Term, 1859, before Justices HAINES and CLAWSON.

*Hays*, for plaintiffs in *certiorari*.

*Hopper*, for defendant.

The opinion of the court was delivered by

CLAWSON, J.   This *certiorari* brings up an attachment, issued June 29th, 1857, and the proceedings thereon, and is prosecuted in the corporate name of the company, by the direction of one William Smith, who was, up to June 27th, 1857, superintendent of the affairs of the company at their manufacturing establishment at Paterson.  It is a foreign corporation, created by the legislature of New York.  On June 27th, 1857, by a resolution of said corporation, William Smith was removed from his office of superintendent, and John Campbell was appointed to his place ; and, by the same resolution, it was ordered that no officer, except the said Campbell, president, be allowed to create any debt, large or small, against the company. Whatever, therefore, may have been the powers of Smith, as superintendent, by virtue of the by-laws of the corporation or otherwise, to bring suits in the name of the corporation, and to create debts against the company by carrying on the same, or in any other way, his powers all ceased on the said 27th day of June, 1857, except so far as his interests and powers as an individual stockholder were concerned.  Then the question is, can an individual stockholder bring a *certiorari* in the name of a corporation, without the consent of a legal majority of the stockhold-

ers, as the fact appears to be in this case, for his individual benefit, or that of the company. If not, then the *certiorari* must be dismissed, and it is unnecessary to look at the merits of the case.

The well-settled principle that a corporation acts by the majority—that the will of the majority is the will of the corporation, and to this the minority must yield, furnishes us with a full answer to this question. *Grant on Corporations* 68. By the majority is meant, of course, the legal majority, or that majority made requisite by some law creating the corporation, or some law of the corporate body, and not a mere numerical majority. It may mean a majority of votes of members present, or it may mean a majority of shares present; it must be the legal majority. The principle, *ibi major pars ibi totum*, seems to be so well settled and established, as an incident at common law to all corporations, that it is questionable whether a private founder of a corporation can establish a different rule or mode of decision without a special enactment of parliament. In the absence of the statute creating this silk manufacturing company, and in the absence of all proof to satisfy the court that this case is to be determined by anything special, we must apply to it the general principles above alluded to, and dismiss the *certiorari*, because it is a proceeding against the will of the corporation, as is clearly shown by the testimony taken in pursuance of a rule of this court granted at the last term.